Kenneth I. Schacter
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022
Telephone: 212.705.7000
Facsimile: 212.752.5378
kenneth.schacter@bingham.com

*Attorneys for Defendant Argo Partners, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 1 1 2009 ★

BROOKLYN OFFICE



WEXLER, J

---

GREGORY O'BRIEN, on behalf of himself and others
similarly situated,

                                        Plaintiff,

                -against-

ARGO PARTNERS, INC., a/k/a ARGO PARTNERS,

                                        Defendant.

---

09 Civ.    TOMLINSON, M.J

**NOTICE OF REMOVAL**

**TO:**      **THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

        **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446,

1453 and Local Rule 81.1, defendant Argo Partners, Inc. ("Argo") hereby removes the above-

entitled action from the Supreme Court of the State of New York, County of Suffolk, to the

United States District Court for the Eastern District of New York.

        In support of this notice, Argo respectfully states as follows:

        1.        Upon information and belief, and as alleged in the Complaint, plaintiff

Gregory O'Brien ("Plaintiff") is a citizen of the State of New York residing at 74 Mill Drive,

Mastic Beach, New York.

2.      Argo is a corporation organized under the laws of the State of New York with its principal place of business at 12 West 37th Street, New York, New York.

3.      On or about February 4, 2009, Plaintiff commenced this action (Index No. 09/04275) by filing a Summons and Verified Complaint with the Clerk of the Supreme Court of New York, County of Suffolk.

4.      Plaintiff served Argo with the Summons and Verified Complaint on or about February 11, 2009, by serving the Secretary of State.  A true and correct copy of the Summons and Verified Complaint, with exhibits, is annexed hereto as Exhibit A.

5.      This Notice of Removal is being filed within thirty (30) days after service of the Summons and Verified Complaint, under the rules for computation of time prescribed by Fed. R. Civ. P. 6(a), and is therefore timely under 28 U.S.C. § 1446(b).

6.      Argo respectfully removes this action to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 on the grounds that it is a purported class action under 28 U.S.C. § 1332(d).

7.      Specifically, Plaintiff brings this suit as a purported class action on behalf of himself and all other persons similarly situated who entered into a "Purchase Agreement" and executed an "Assignment of Claim" with Argo whereby the class members assigned their right, title and interest in their allowed and recommended claim or claims against Ambassador Insurance Company ("Ambassador").  *See* Complaint, ¶ 1; 19.

8.      Plaintiff alleges that "there are hundreds of members in the proposed class".  *See* Complaint, ¶ 20

9.     Plaintiff alleges that "[c]ommon questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class." Complaint, ¶ 24.

10.    Upon information and belief, the amount in controversy based on the aggregate claims of the members of the purported class exceeds the sum $5 million, exclusive of interest and costs.

11.    Upon information and belief, one or more members of the class of plaintiffs is a citizen of a State different than that of Argo (New York) and, therefore, minimal diversity exists for purposes of 28 U.S.C. § 1332(d)(2).

12.    Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Argo will give written notice of the removal to Plaintiff, will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Suffolk, and will file with the clerk of this Court a copy of all records and proceedings in the state court in accordance with Local Rule 81.1.

**WHEREFORE**, Argo gives notice that the action referred to above is removed from the Supreme Court of the State of New York, County of Suffolk, to this Court.

Dated:   New York, New York
          March 11, 2009

**BINGHAM McCUTCHEN LLP**

By:    _____
       Kenneth I. Schacter
       399 Park Avenue
       New York, NY 10022
       Telephone:  212.705.7000
       Facsimile:  212.752.5378
       kenneth.schacter@bingham.com

       Michael C. D'Agostino
       One State Street
       Hartford, CT 06103-318
       Telephone:  860.240.2700
       Facsimile:  860.240.2800
       michael.dagostino@bingham.com

       *Attorneys for Defendant Argo Partners, Inc.*

-4-

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Index No. 09-04275
Date Filed: 2|4|09

---------------------------------------------------------------X

GREGORY O'BRIEN, on behalf of himself and
others similarly situated,

Plaintiffs designate
Suffolk County
as the place of trial

Plaintiffs

The basis of venue is
Plaintiff's residence

- against-

SUMMONS

ARGO PARTNERS, INC. a/k/a ARGO PARTNERS,

Plaintiff resides at
74 Mill Drive
Mastic Beach, N.Y.

Defendant   11951
County of Suffolk

---------------------------------------------------------------X

To the above named Defendant

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiff's attorneys within 20 days after the service of this
summons, exclusive of the date of service (or within 30 days after the service is complete
if this summons is not personally delivered to you within the State of New York); and in
case of your failure to appear or answer, judgment will be taken against you by default for
the relief demanded in the complaint.

Dated: February 2, 2009

Defendant's Address:
12 West 37th Street
9th Floor
New York, New York 10018

Yours etc.,

SHAYNE, DACHS, CORKER, SAUER & DACHS, LLP

By: _____
       NORMAN H. DACHS
Attorneys for Plaintiff
Office and P.O. Address
114 Old Country Road, Suite 410
Mineola, NY 11501
(516) 747-1100

Served By
Servico

Specialists in All
Legal Papers

P O Box 871
Albany, NY 12201

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-----------------------------------------------------------------------X
GREGORY O'BRIEN, on behalf of himself and others
similarly situated,

                             Plaintiff,            **VERIFIED
COMPLAINT**

        -against-                        Index No.: 09-04275

ARGO PARTNERS, INC., a/k/a ARGO PARTNERS,

                            Defendant.

-----------------------------------------------------------------------X

      Plaintiff, GREGORY O'BRIEN, individually and on behalf of all other persons similarly situated, by his undersigned attorneys, SHAYNE, DACHS, CORKER, SAUER & DACHS, LLP, as and for his Complaint against the Defendant, alleges the following, based upon personal knowledge as to himself and his own action, and, upon information and belief, as to all other matters, respectfully alleges, upon information and belief, as follows (Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery):

      1.     Plaintiff, GREGORY O'BRIEN (hereinafter "Plaintiff") brings this class action, on his own behalf and on behalf of a Class, as further defined herein, of all persons who entered into a "Purchase Agreement" and "Assignment of Claim" (hereinafter both referred to as "the Agreement") with Defendant whereunder they assigned to Defendant "all of the assignor's right, title and interest in and to the allowed and recommended claim or claims of the assignor against Ambassador Insurance Company (the 'Estate') in liquidation proceedings in the Superior Court of Vermont, Washington County."

2.     On March 5, 1980,  Plaintiff sustained personal injuries for which he was treated at Brookhaven Memorial Hospital (hereinafter "Brookhaven").  As a result of such treatment, Plaintiff was rendered a quadriplegic.

3.     Following commencement of legal action against Brookhaven, it's insurer, Ambassador Insurance Company (hereinafter "Ambassador") became insolvent.

4.     Pursuant to a Stipulation of Settlement entered into in open Court on July 3, 1986, before Hon. Robert W. Doyle, Plaintiff agreed to settle the action against Brookhaven in the sum of One Million Dollars "with payment to be made solely by the Ambassador Insurance Company, which is presently in receivership in Vermont."

5.     The Stipulation of Settlement further provided:

> "It is understood by the parties that the Ambassador Insurance Company, which is in receivership, will be making payments at the end of the liquidation proceedings which are presently pending.  No representation is being made at this time as to the amount of payment or as to the date of payment."

6.     The Stipulation of Settlement further provided that payment by Ambassador would be made "within a reasonable period of time after the determination by the Courts of the standing of Ambassador Insurance Company and in accordance with the procedures adopted by the Court" and that payment to Plaintiff "shall be based upon payments made to similar claimants, depending upon the funds available during the course of the liquidation."

7.     During the ensuring years, Ambassador made payments to Plaintiff and other similar claimants totaling 90% of Plaintiff's allowed and recommended claim of $1,000,000 and of the allowed and recommended claims of all other similar claimants

- 2 -

8.     On or about September 14, 2006, by letter bearing that date, Defendant, noting that Plaintiff had already received 90% of the amount of the allowed and recommended claim, offered to purchase Plaintiff's claim to the remaining 10% by an up-front payment of $50,000 representing 50% of the amount still due Plaintiff on account of the $1,000,000 settlement. Following negotiations, Defendant increased its offer to 62 ½% or in the amount of $62,500 which offer was accepted by Plaintiff.

9.     Thereafter, Plaintiff and Defendant executed documents entitled "Purchase Agreement," a copy of which is annexed as Exhibit "A" and "Assignment of Claim," a copy of which is annexed as Exhibit "B."

10.     At the time Plaintiff executed said documents, Plaintiff was uncertain as to whether the final 10% distribution of $100,000 would ever be made and was, therefore, willing to assign his right thereto upon receipt of an immediate cash payment of $62,500 or 62 ½% of the amount Plaintiff thought would be the highest amount recoverable.

11.     At the time Plaintiff executed said document, neither Plaintiff nor Defendant discussed or contemplated that, in addition to the receipt of payment of $100,000, there was any possibility that Ambassador would pay interest on any portion of the settlement, including that portion that had been received prior to the execution of the Agreement or that there was any possibility that Ambassador would be in possession of sufficient funds necessary to make payments of interest or that there was any obligation on the part of Ambassador to make payments of interest.

12.     Thereafter, by Notice dated October 31, 2008, annexed as Exhibit "C", Ambassador informed all claimants, that it had recently recovered a

- 3 -

$205 million dollar judgment in an action against its former auditors and that "this recovery, together with other assets of Ambassador, should enable the Liquidator to quickly seek court approval to pay you the remaining 10% of your approved claim." The notice further stated:

> "In addition, the Ambassador Liquidation Order provides for the payment of interest on your claim. The Liquidator expects that there will be sufficient funds to pay interest on your claim, as provided for in the Liquidation Order."

13.    A dispute has arisen between Plaintiff and Defendant as to the validity of the Agreement and as to its scope, particularly whether Plaintiff or Defendant is entitled to the interest which Ambassador contemplates paying for which the declaration of this Court is sought before disposition is made by Ambassador.

14.    Plaintiff has no adequate remedy at law.

## THE PARTIES

15.    Plaintiff, GREGORY O'BRIEN, resides at 74 Mill Drive, Mastic, New York 11951, County of Suffolk.

16.    Plaintiff brings this action on behalf of himself and all persons, similarly, against Defendant pursuant to Section 901 of New York Civil Practice Law & Rules.

17.    Defendant is a New York corporation with its headquarters located at 12 W. 37th Street, New York, New York 10018.

18.    Defendant is an investment firm specializing in the purchase of claims of creditors of distressed companies.

- 4 -

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action as a class action pursuant to Article 9 of the CPLR on behalf of a Class consisting of all persons who entered into a "Purchase Agreement" and executed an "Assignment of Claim" with Defendant whereunder they assigned to Defendant their right, title and interest to the remaining 10% of their allowed and recommended claims payment of which was to be made by Ambassador.

20.     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through the appropriate discovery, Plaintiff believes that there are hundreds of members in the proposed Class. Other members of the Class may be identified from records maintained by Defendant or Ambassador and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in class actions.

21.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct in violation of statutes that are complained of herein.

22.     Plaintiff will fairly and adequately protect the interests of the members of the Class in that he has no interests antagonistic to those of the other members of the Class. Plaintiff has retained experienced and competent counsel.

23.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class members may be relatively small, the expense and burden of individual litigation make it

- 5 -

impracticable for the members of the Class to individually seek redress for the wrongful conduct alleged herein. If Class treatment of these claims were not available, Defendant would likely unfairly receive thousands of dollars or more in interest payment or principal not assigned to Defendant.

24.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class  Among the common questions of law fact to the Class are:

(a)    whether the Agreement violates General Obligations Law §5-1701, et. seq ;

(b)    whether the Agreement includes interest payments expected to be made by Ambassador;

(c)    whether the Agreement should be reformed to limit the assignment to the remaining 10% of the unpaid principal;

(d)    whether Defendant engaged in fraudulent or unfair and deceitful practices in procuring the agreement of the parties to execute the Agreement;

(e)    whether the Agreement should be reformed to reflect the intentions of the parties at the time it was executed that the assignment related only to remaining 10% principal of the debt; and

(f)    such other and further relief as to the Court may seem just and proper, including the costs and disbursements of this action and a reasonable attorney fee in connection with any recovery made on behalf of the members of the Class.

- 6 -

## AS AND FOR A FIRST CAUSE OF ACTION

25    The settlement entered into with Ambassador's insured and/or with Ambassador in the underlying action was a "structured settlement" as defined in General Obligations Law §5-1701(l), i.e., an arrangement for periodic payment of damages for personal injuries or sickness established by settlement or judgment in resolution of a tort claim.

26.    The Settlement Agreement entered into with Ambassador's insured and/or with Ambassador in the underlying action was a "Structured Settlement Agreement" as defined in General Obligations Law §5-1701(m).

27.    Prior to the date upon which Plaintiff signed the Agreement, Defendant did not comply with General Obligations Law §5-1703.

28.    Prior to the date upon which Plaintiff signed the Agreement, Defendant did not comply with General Obligations Law §5-1705.

29.    That by reason of the foregoing, the Agreement is null and void and of no force and effect.

## AS AND FOR A SECOND CAUSE OF ACTION

30.    In soliciting Plaintiff and the Class, Defendant offered to purchase, at a percentage discount, the remaining 10% of their claims against Ambassador when such payment would be made by Ambassador.

31.    In assigning to Defendant all of "assignor's" right, title and interest in and to the allowed and recommended claim," Plaintiff and the Class assigned only the remaining 10% of claim allowed by Ambassador which, in Plaintiff's case, was $100,000.

- 7 -

32.    The allowed and recommended claim did not include interest that may have accumulated on the principal of the allowed claim prior to the execution of the Agreement or thereafter.

33.    That by reason thereof, Defendant is not entitled to receive any amount in excess of 10% of the principal sum of the allowed claim.

## AS AND FOR A THIRD CAUSE OF ACTION

34.    At the time the Agreement was executed by Plaintiff and the Class and by Defendant, it was their intention that the assignment would encompass only the remaining 10% of the principal sum of Plaintiff's and of the Class' allowed and recommended claim.

35.    That through mistake or inadvertence, the aforesaid agreement did not specify that interest that had previously accrued on the amounts previously paid or that had accrued prior to the date of the assignment was not included in the assignment.

36.    By reason thereof, the Agreement should be corrected and reformed to conform to the actual intention of the parties so as to specify that they do not include interest earned prior to the execution of aforesaid agreements.

## AS AND FOR A FOURTH CAUSE OF ACTION

37.    Defendant intentionally made materially false and misleading representations to Plaintiff and the Class by failing to advise Plaintiff and the Class that payment of the remaining 10% would likely be paid by Ambassador in the near future.

38.    Defendant intentionally made materially false and misleading representations to Plaintiff and the Class by failing to advise Plaintiff and the Class that payment of interest would likely be paid by Ambassador in the near future.

- 8 -

39.    Plaintiff and the Class were induced by, and relied on, Defendant's false and misleading representation and omissions and did not know at that time that they entered into the Agreement with Defendant that Ambassador intended to make a final distribution that would include interest on distributions previously received by Plaintiff and the Class.

40.    Defendant knew or should have known of their false and misleading representation and omissions and conducted themselves in a misleading and deceptive manner without corrective disclosure.

41.    Had Defendant adequately disclosed that the assignment was intended to include interest on distributions previously received, Plaintiff and the Class would not have executed the subject assignment to Defendant.

42.    Plaintiff and the Class have been injured as a result of Defendant's fraudulent conduct.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(a)    for an Order declaring that the Agreement executed by Plaintiff and the Class is null and void and of no force and effect;

(b)    an Order declaring that the Agreement does not include Plaintiff's and the Class' right to recover interest paid by Ambassador with respect to that portion of the allowed and recommended claim received by Plaintiff and the Class prior to the execution of the Agreement or which accrued prior to its execution;

(c)    for an Order certifying this action as a Class Action pursuant to the provisions of Article 9 of the CPLR, with Plaintiff certified as representative of the Class;

- 9 -

(d)     for costs and disbursements incurred in connection with this action, including

reasonable attorney's fees and expenses; and

(e)     for such other and further relief as the Court deems just and proper.

Yours, etc,

SHAYNE, DACHS, CORKER, SAUER & DACHS

By:_____

NORMAN H. DACHS

Attorneys for Plaintiff
Office and P.O. Address
114 Old Country Road, Suite 410
Mineola, New York 11501-4410
(516) 747-1100

- 10 -

## CERTIFICATION

**NORMAN H. DACHS,** an attorney-at-law duly admitted to practice law before the Courts of the State of New York, hereby certifies as follows:

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper or the contentions herein are not frivolous, as that term is defined in Part 130 of the Rules of the Chief Administrator (22 NYCRR).

Dated:          Mineola, New York
               February 2, 2009

                                        _____
                                        NORMAN H. DACHS

STATE OF NEW YORK )
                  ) ss:
COUNTY OF SUFFOLK )

GREGORY O'BRIEN, being duly sworn, deposes and says:

That he is the Plaintiff in the within action; that he has read the foregoing Complaint and knows the contents thereof; that the same is true to his own knowledge except as to those matters therein to be alleged upon information and belief, and that as to those matters he believes it to be true.

_____
GREGORY O'BRIEN

Sworn to before me this 20ᵗ

day of _____, 2009

_____
Notary Public

JODY J YETTI
Notary Public State of New York
No. 01YE4829359
Qualified in Suffolk County
Commission Expires March 30, 20__

L245

## PURCHASE AGREEMENT

c/o Shayne, Dachs, Stanisci, Corker & Sauer,

**O'Brien, Gregory**, having a mailing address at , 250 Old Country Road, Mineola, NY 11501 ("Assignor") in consideration of the sum of $ 62,500.00 does hereby assign to Argo Partners, having offices at 12 West 37th Street, 9th Floor, New York, NY 10018 ("Assignee"), all of Assignor's right, title, and interest in and to the allowed and recommended claim or claims of Assignor ("the Claim") against Ambassador Insurance Company(the "Estate") in liquidation proceedings in the Superior Court of Vermont, Washington County, (the "Proceedings"), case No  S-444-83 in the current outstanding amount of no less than $1,000,000.00

Assignor and Assignee have entered into an Assignment of Claim that will be forwarded to the liquidator of Ambassador Insurance Company as evidence of the transfer of Claim from Assignor to Assignee. Assignor represents and warrants that the amount of the Claim is allowed at not less than $1,000,000.00 and that the Claim in that amount is valid

Assignor agrees to remit to Assignee any future distribution it receives from the Estate on this Claim

IN WITNESS WHEREOF, the undersigned Assignor hereunto sets it hand this ____ day of _____

2006 I _____ am an officer of _____ at the following address

, 250 Old Country Road, Mineola, NY 11501. I am authorized to assign such Claim for my Company.

ATTEST:

By: _____
          Signature

GREGORY O'BRIEN
Print Name / Title

(631) 395-2613
Telephone #

_____
          Notary

IN WITNESS WHEREOF, the undersigned Assignee hereunto sets its hand this 7th day of December 2006

Attest:

By: _____
          Kenneth A De Koven
          Argo Partners
          Phone: 212-643-5456
          Fax: 212-643-6401

STEVEN S. PUCCETTI
Notary Public - State of New York
NO. 01PE6100589
Qualified in Suffolk County
My Commission Expires  10/02

"A"

To: Norman Dachs          From: Joe Puccio·          12-05-06  3:27pm  p 4  of.4

## ASSIGNMENT OF CLAIM

c/o Shayne, Dachs, Stanisci, Corker & Sauer,

**O'Brien, Gregory,** having a mailing address at, **250 Old Country Road, Mineola, NY 11501** ("Assignor"), in consideration of the sum as agreed to in the Purchase Agreement dated on the ___ day of _____ 2006 does hereby transfer to Argo Partners, having an address at 12 West 37th Street, 9th Floor, New York, NY 10018 ("Assignee"), all of Assignor's right, title and interest in and to the allowed and recommended claim or claims of Assignor, as more specifically set forth (the "Claim") against Ambassador Insurance Company ("the Estate") in liquidation proceedings in the Superior Court for the State of Vermont, (the "Proceedings") case No S-444-83 in the ~~currently outstanding~~ amount of no less than $1,000,000.00.

Assignor represents and warrants that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor owns and has title to the Claim free of any and all liens, security interests or encumbrances of any kind or nature whatsoever, that there are no offsets or defenses that have been or may be asserted by or on behalf of the Estate or any other party to reduce the amount of the Claim or to impair its value or to subordinate the Claim

Assignor represents that it has adequate information concerning the business and financial condition of the Estate and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court in the Proceedings), made its own analysis and decision to enter into this Assignment of Claim

Assignor hereby acknowledges and consents to the terms set forth in the above Assignment of Claim

IN WITNESS WHEREOF, the undersigned **Assignor** hereunto sets its hand this _____ day of _____ 2006.

ATTEST:

By: _____
                    Signature

_GREGORY O'BRIEN_
Print Name/Title

(631) 395-2613
Telephone #

_____
Notary

IN WITNESS WHEREOF, the undersigned on behalf of each **Assignee** has hereunto sets its hand this 7th day of _December_ 2006

ATTEST:

By: _____
              Kenneth A. De Koven
              Argo Partners
              Phone: 212-643-5456
              Fax: 212-643-6401
              k dekoven@argopartners net

STEVEN D PESCETTI
Notary Public - State of New York
NO 01PE6100909
Qualified in Suffolk County
My Commission Expires _10/09_

"B"

**AMBASSADOR INSURANCE COMPANY**
In Liquidation
79 River Street, Heritage II Building
Montpelier, Vermont 05602
TEL:(802) 223-1850
FAX:(802) 223-1854

Mailing Address:
P. O. Box 40
Montpelier, VT 05601

# NOTICE

## PAYMENT OF BALANCE OF YOUR APPROVED CLAIM
## WITH
## AMBASSADOR INSURANCE COMPANY, IN LIQUIDATION

If you receive this Notice, you are a Priority Four Claimant in the Liquidation of Ambassador Insurance Company ("Ambassador") and Ambassador has already paid you 90% of the amount of your approved claim.

Ambassador's Liquidator recently recovered a $205 million judgment in her lawsuit against PricewaterhouseCoopers, LLP for its negligence in auditing Ambassador, leading to its insolvency.

This recovery, together with other assets of Ambassador, should enable the Liquidator to quickly seek Court approval to pay you the remaining 10% of your approved claim. In addition, the Ambassador Liquidation Order provides for the payment of interest on your claim. The Liquidator expects that there will be sufficient funds to pay interest on your claim, as provided for in the Liquidation Order.

Some Priority Four Claimants have been approached by companies offering to buy the unpaid portion of their claims by paying only a percentage of the full unpaid amount. Although such an assignment is permissible, you should be aware that it is likely that the amounts being offered will be less than the amount that Ambassador expects to pay Priority Four Claimants on their approved claims.

If you have any questions concerning your claim, please contact Ambassador at the phone number or mailing address shown above.

October 31, 2008
Paulette J. Thaubault
Vermont Commissioner of Banking, Insurance,
    Securities and Health Care Administration
As Liquidator of Ambassador Insurance Company
By
George K. Bernstein
Court Appointed Agent for the Liquidator

''C''