| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE:   A. KATHLEEN TOMLINSON                               DATE:   6/4/09
          U.S. MAGISTRATE JUDGE                               TIME:   10:00 AM

***O'Brien v. Argo Partners*, *Inc.*, CV 09-1020 (LDW) (AKT)**

TYPE OF CONFERENCE:           INITIAL CONFERENCE

APPEARANCES:     Plaintiff      Norman H. Dachs

                 Defendant      Kenneth L. Shachter

SCHEDULING:

The discovery status conference will be held on August 13, 2009 at 10:30 a.m.

THE FOLLOWING RULINGS WERE MADE:

1.  The parties met for a Rule 26(f) conference and I am adopting the discovery plan submitted by them with several modifications. The Case Management and Scheduling Order will be entered separately. Initial disclosures pursuant to Rule 26(a) have been served by the parties.

    Plaintiff brings this action for, among other things, violations of New York General Obligations Law §§ 5-1703 and 1705 and various claims related to a "Purchase Agreement" and an "Assignment of Claim" entered into with Defendant. Plaintiff O'Brien brings the case on behalf of himself and others similarly situated. The parties have proposed a discovery plan in two phases. Having reviewed that plan and having heard from counsel for the parties at today's conference, I am adopting the plan with some modifications because I believe it presents the best approach, both in terms of effort and expense, to conduct discovery in this case. Therefore, merits discovery will proceed first to be followed by class and expert discovery if the case proceeds at that point.

2.  I am giving the parties until June 30, 2009 to confer and reach an agreement on the method by which electronically stored information ("ESI") shall be produced in this case. The parties are to file a letter on ECF <u>no later than June 30</u> advising me of what agreement/ procedure has been put in place. In the alternative, if there is no ESI relevant to this case, the parties shall so advise me in the same manner.

3.  The parties have not engaged in settlement discussions but I offered to make myself available for a formal settlement conference as discovery moves forward if requested mutually by the parties. If a settlement conference is desired, the parties should call my chambers to arrange a mutually convenient date for all concerned.

4.  As set forth in my Individual Rules, as well as the Case Management and Scheduling Order entered today, **three business days before the August 13, 2009 status conference, the parties are directed to file a discovery status letter** setting forth the following information:

    (1) confirming that all paper production has been completed and that any objections to each other's productions have been resolved (and if not, state why not); (2) confirming that each party's interrogatory responses have been certified by the client as to their accuracy and completeness and that any objections to each other's interrogatory responses have been resolved (and if not, state why); (3) stating whether there are any outstanding discovery disputes; if so, each attorney must set forth the legal support for the position being taken on behalf of the client (i.e., provide the case citations for any cases relied upon to support the argument being made on behalf of the client and further state the proposition from that case which counsel asserts supports his/her argument); and (4) confirming that counsel have conferred with each other and reached an agreement concerning whom they wish to depose in the case, including both party and non-party witnesses and providing an end-date by which those depositions will be completed. Once these four items have been addressed, the parties are to confirm whether discovery is proceeding on schedule. If all discovery to that date has been completed in compliance with the Case Management and Scheduling Order, and if there are no pending disputes requiring court intervention, the parties may alternatively request an adjournment of the discovery status conference. If warranted, I will cancel or adjourn the conference.

5.     Also as set forth in my Individual Rules, as well as the Case Management and Scheduling Order entered today, **no less than two business days before the pretrial conference**, the attorney for each party must submit by mail or fax (not by ECF) a one to two-page, *ex parte* statement of his/her client's settlement position.

6.     In accordance with Local Rule 37.3, the parties are obligated to confer in good faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing the appropriate letter motion as expeditiously as possible. The letter motion must contain a certification that the parties have complied with Local Rule 37.3 and how they have done so.

7.     Any amendments or modifications to this Order or to the accompanying Case Management and Scheduling Order must be approved in advance by the Court.

                                                       SO ORDERED

                                                       /s/ A. Kathleen Tomlinson
                                                       A. KATHLEEN TOMLINSON
                                                       U.S. Magistrate Judge